### KUNZ v. NELSON et al.

No. 6148.   Decided March 18, 1940.   (100 P. 2d 217.)

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellants.

*Gaylen S. Young* and *Edward G. Brown,* both of Salt Lake City, for respondent.

HOYT, District Judge.

The plaintiff in this case was lessee of a farm owned by defendant Ella F. Nelson and operated under a written lease upon the share basis. Plaintiff brought this action to recover possession of his share of certain hay and grain raised on the farm which he alleged was wrongfully detained by the defendants and had been converted to their use. Plaintiff prayed judgment for possession of the property and damages for defendants' detention and in case possession was not given that plaintiff have judgment for the value of the property with interest from date of detention. The complaint, filed October 7, 1936, alleged that the wrongful withholding by the defendants occurred on or about September 24, 1936, and continued to the date of the complaint. The defendants answered with a general denial. Trial was had before a jury and a verdict rendered for plaintiff and judgment entered thereon. Defendants appealed to this court. The judgment was reversed and the case remanded for a new trial because the trial court omitted to furnish certain of its instructions to the jury in writing, defendants having objected to such omission. The decision on the former appeal is found in 94 Utah 185, 76 P. 2d 577, 115 A. L. R. 1322, and the facts involved in the controversy are therein set forth more fully. After remand the case was again tried before a jury and the plaintiff again had a verdict in his favor. This verdict was in the following language:

"We the jurors empaneled in the above case find the issues in favor of the plaintiff and against the defendants and each of them and assess his damages in the sum of $433.95."

The court also submitted and the jury answered ten special interrogatories showing the quantities of hay and grain found to have been wrongfully withheld from plaintiff by defendants and the market value of such items at the time of detention.

The defendants have again appealed. The first alleged error argued in their brief is that the verdict is without evidence to support it in so far as the grain referred to is concerned, and that the court erred therefore in denying defendant's motion for a directed verdict. At the time of the commencement of the action the grain in question was standing in stacks on the farm, unthreshed. The lease under which plaintiff operated the farm provides:

"All crops harvested to be stored on said farm unless otherwise agreed to by the lessor * * * The lessee shall receive one-half of all crops harvested; it is understood that the seed and cost of threshing shall be deducted before dividing the grain."

It is argued that, this being a replevin action, exclusive ownership or right of possession in the plaintiff was a condition precedent to maintenance of the action and that, as the grain was unthreshed and undivided at the time of the alleged detention, the plaintiff was not entitled to maintain the action. Defendants assert that there is no evidence that plaintiff ever made demand for the grain or that defendants ever interfered with the threshing or raised any objection to plaintiff taking his portion of it.

The assignment of error upon which defendants rely in connection with this point is their assignment No. 1 in which it is alleged that the court erred in denying defendant's motion for a directed verdict. We think such an assignment is insufficient to raise the issue just referred to. The motion for a directed verdict was that the court direct a verdict of no cause of action. There was no separate motion to direct a verdict for the defendants as to the grain only. But, if we assume that the issue was properly raised, we think there is some evidence in the rec-

ord from which the jury could have found a wrongful with-holding of the grain. Plaintiff testified that the defendant Lawrence E. Nelson, husband and agent of Ella, on or about September 1 appeared with a policeman at the farmyard where the grain was stacked and where defendant was then engaged in baling the portion of second crop hay which has been previously measured off for him, and that Nelson then said: "Don't touch anything" or "Leave everything just as they are." Also that on September 24, 1936, he, the plaintiff, made demand upon Nelson for division of the third crop hay and that Nelson said he "was not going to divide the hay or the crop." It was stated in the former appeal in this case: "If I have the right upon division to take my share of the crops from the place and the other party refuses to let me convey them from the place of division or refuses to divide them if requested to do so in order that I may carry off my share, it amounts to a withholding of possession." The jury was instructed:

"You are instructed that this action is brought to recover the possession of the plaintiff's share of the crops grown on the land of the defendant, Ella F. Nelson, under a written lease agreement between the plaintiff and the defendant, Ella F. Nelson, and you are further instructed that by the terms of the lease agreement the crops grown on the land were to be stored on the farm, and, as a matter of law, the defendant would have a right to have the said crops kept on the ground for a reasonable length of time within which to make division, and if you find from the evidence that on the 28th day of September, 1936, a division had not been made and a reasonable time for the making of such a division of the crops between the plaintiff and the defendant had not elapsed; then you are instructed as a matter of law that plaintiff was not entitled to remove the said crops and cannot maintain this action, and your verdict must be for the defendants."

While we might consider there was but scant evidence to show demand by plaintiff for his share of the grain or refusal by defendants to permit him to remove it, we cannot say that, under the rule laid down in the former opinion, there was no such evidence. The jury evidently believed the testimony of plaintiff and found that Nelson referred to

both grain and hay when he came to the place accompanied by the officer and, as plaintiff testified, demanded that plaintiff cease operations and not move anything. We therefore cannot say that there was no evidence to sustain the verdict as to the grain. And it was clearly not error to deny the motion for directed verdict of no cause of action.

The next point argued in appellants' brief is that the court erred in submitting to the jury the form of general verdict which was used and which is hereinabove shown. The defendants contend that the issue was not ■ as to the amount or extent of plaintiff's damages, but as to whether or not the plaintiff was the owner or entitled to the immediate possession of the property.

It appears from the evidence that subsequent to the first trial of this case the defendants, under a judgment for costs in their favor and against plaintiff, levied upon and sold the hay which plaintiff seeks to recover in this action; also that defendants caused the grain involved herein to be threshed and sold and plaintiff's share of the proceeds applied upon the same judgment. At the time of trial, therefore, neither the hay nor the grain could be returned to plaintiff. The court accordingly instructed the jury as follows:

"You are further instructed that it appearing from the evidence at this time that the defendants are unable to return to the plaintiff the crops set out in the plaintiff's complaint, if you find the issues herein in favor of the plaintiff and against the defendant, then your verdict should be for the reasonable market value of such crops, if any, as you find were wrongfully withheld from the plaintiff, such value to be determined as of the date of the wrongful withholding, together with interest on said market value at the rate of six per cent per annum from the date of said wrongful withholding, if any, to the time of verdict, and less any amounts which you may find from the evidence the defendants herein applied toward satisfaction of their judgment for costs referred to in the answer of said defendants."

The jurors were also instructed that if they found for the plaintiff, then they should answer certain special interrogatories. These, with the jury's answers thereto, are as follows:

"1. How many bales of hay were wrongfully withheld from the plaintiff? A. 126 bales.

"2. What was the market value on September 24, 1936, of said hay? A. $10.50 per ton.

"3. How many tons of second crop hay in stack were wrongfully withheld from the plaintiff? A. 6 tons.

"4. What was the market value of said hay on September 24, 1936? A. $8 per ton.

"5. How many tons of third crop hay in stack were wrongfully withheld from the plaintiff? A. 25 tons.

"6. What was the market value of said hay on September 24, 1936? A. $8.35.

"7. How many bushels of wheat were wrongfully withheld from the plaintiff? A. 94 bushels.

"8. What was the market value of said wheat on September 24, 1936, after deducting the cost of seed and threshing? A. 90c per bu.

"9. How many bushels of barley were wrongfully withheld from the plaintiff? A. 65 bu.

"10. What was the market value of said barley on September 24, 1936, after deducting the cost of seed and threshing? A. 52c per bu."

Defendants excepted to both the form of the general verdict and the form of the special interrogatories submitted to the jury, but stated no specific ground of objection and made no request as to form of verdict to be submitted except their request for a directed verdict of no cause of action.

Defendants argue in their brief that the relationship between plaintiff and the defendants was predicated upon a lease and that there was evidence all through the trial of the case as to whether the lessee had properly farmed the land and as to whether defendants had permitted their sheep to graze on crops in the field and in the stack and thereby damage the plaintiff. Defendants assert that the jurors were prejudiced and influenced by these references to damages and were led into error by the form of the verdict in which they were called upon to assess damages rather than to find specifically as to the plaintiff's right of possession and the amount of the crops.

We think this contention is negatived by reference to the court's instructions and to the special findings of the jury

which, as explained by plaintiff in his brief, show rather clearly the basis of the computations used in arriving at the total amount of damages awarded plaintiff in the general verdict. It seems obvious, as pointed out by plaintiff, that the jury, in their general verdict, failed to give defendants credit for the amount applied by defendants upon their cost judgment, and that they also failed to allow interest to the plaintiff upon the value of the crops wrongfully withheld as shown by the special findings. These errors however were cured by remittitur by the plaintiff at the time the trial court ruled upon defendants' motion for new trial and the judgment as corrected by the court at that time appears to conform to the findings of the jury as shown by the answers to special interrogatories. The statute (Section 104-25-2, R. S.) authorizes the court to direct the jury to find upon particular questions of fact and provides that when a special finding of facts is inconsistent with the general verdict the former controls the latter and the court must give judgment accordingly. The judgment appealed from appears to be correct when due consideration is given to the special findings of the jury. We therefore think that the defendants' claim that the jury was mislead or prejudiced by the form of the general verdict supplied is without support in the record.

The next point urged in defendants' brief is that it was error for the court to submit to the jury the issue as to the quantities and value of the portion of crops belonging to plaintiff. Defendants assert that the issue of value was taken from the jury by the stipulation as to values entered into at the outset of the case. This stipulation fixed the market value per hundred of the barley and per bushel of the wheat, the cost of threshing, and the market value per ton of the hay. Defendants must admit however that the quantities of hay and grain were not covered by the stipulation and that in order to render judgment, if the plaintiff prevailed, it was necessary to have determined the quantities of the hay and grain belonging to

the plaintiff and the total value. Defendants assert, however, that the only competent evidence before the jury as to the quantity of wheat and barley and loose hay was the testimony of defendants' witnesses showing actual measurement of the grain at the time of threshing and actual weight of the hay at the time it was disposed of; that the only evidence opposed to the testimony of such actual weights and measures was the testimony of the plaintiff and his brother which were merely estimates, based upon observation of the grain while in the field and while in the stacks before threshing, and of the hay while in the field and when stacked upon the farm. Defendant asserts that these estimates must, as a matter of law, give way and cease to be of any probative value as against evidence of actual weights and measurements. Such argument, however, does not take into account the right of the jury or the court to disbelieve the testimony of defendants' witnesses, nor the right to consider whether the quantities of hay and grain on hand at the time of the measurement and weighing were the same as at the time of the detention from plaintiff. It also appears that at least one stack of the hay was not weighed until nineteen months after the alleged detention and that part of this hay was not then weighed but was merely estimated at seven or eight tons by defendants' witness. Under these circumstances the court did not err in submitting to the jury the determination of the quantities of hay and grain belonging to plaintiff.

Perhaps it was not necessary in view of the stipulation, to submit to the jury the question of values of the hay and grain, but counsel has not pointed out, and we fail to see, wherein defendants were prejudiced by this. The jury was instructed as to the stipulated values of the hay and grain and cost of threshing and it appears to have given effect to such agreed values in its answers to the special interrogatories. It should be noted also in this connection that the interrogatories submitted to the jury called for the market value of the hay and grain after deduction of seed referred to in the lease. The stipulation did not

cover the quantity of seed to be deducted before division of the grain and a finding upon that point was therefore necessary. The findings by the jury that there was withheld from plaintiff ninety-four bushels of wheat and sixty-five bushels of barley indicate rather clearly that they allowed for twelve bushels of seed wheat and twenty bushels of seed barley which amounts both parties concede to be correct as to seed used. In passing it should also be observed that the court, in its instructions, called for the jury to make a determination, as to the quantities and values of the hay and grain, only in case it found the issues in favor of the plaintiff upon the question of ownership and right of possession. We, therefore, see no error in submitting the special interrogatories.

This disposes of all assignments of error argued in defendants' brief. The judgment of the trial court is affirmed, respondent to recover costs.

MOFFAT, C. J., and WOLFE and PRATT, JJ., concur.

LARSON, Justice.

I concur in the result.

McDONOUGH, J., being disqualified, did not participate herein.