SALT LAKE CITY et al. v. ANDERSON et al.
AMERICAN FORK CITY et al. v. THIRD DISTRICT
COURT OF SALT LAKE COUNTY et al.

Nos. 6522, 6499.  Decided May 1, 1944.  (148 P. 2d 346.)

See 5 C. J. S. Appeal and Error, sec. 1583. Judgment or order dismissing action as against one defendant as subject of appeal or error before disposition of case as against co-defendant, note 114 A. L. R. 759. See, also, 2 Am. Jur. 863, 903.

No. 6522:

*Elias Hansen,* of Salt Lake City, for appellants.

*Van Cott, Riter & Farnsworth* and *Philo T. Farnsworth, Jr.,* all of Salt Lake City, for respondent.

No. 6499:

*Elias Hansen,* of Salt Lake City, *Christenson & Christenson,* of Provo, *H. A. Smith* and *J. A. Melville,* both of Salt Lake City, *I. E. Brockbank,* of Provo, *Grover A. Giles,* Atty. Gen., of Salt Lake City and *J. Rulon Morgan* and *A. V. Watkins,* both of Provo, *O. DeVere Wootton,* of American Fork, *R. W. McMullin,* of Payson, *Roylance & Sumsion,* of Springville, *Joseph E. Nelson,* of Spanish Fork, *A. L. Booth,* of Provo, *P. G. Ellis, Edwin D. Hatch,* and *Irvine, Skeen & Thurman,* all of Salt Lak City, *Richard W. Young,* of Berkeley, Cal., and *Richards & Mitchell,* of Salt Lake City, for plaintiffs.

*P. T. Farnsworth, Jr.,* of Salt Lake City, for defendants.

ADAMS, District Judge.

In May, 1936, Salt Lake City et al. brought an action in the district court of Salt Lake County against approximately 2,430 defendants who claim rights to the use of water from the streams and springs which would normally flow into Utah Lake. The prayer of the complaint in this action sought, among other things:

"(d) that the rights and title of each plaintiff herein to the use of water from Utah Lake and its tributaries be determined and quieted and that said rights and title be adjudged and decreed to be prior and superior to any right or rights of any defendant herein to the use of said water initiated subsequent to the date when the rights of such plaintiff were initiated.

"(e) that the right or rights of each defendant herein to divert or use water from Utah Lake or its tributaries be adjudged and determined.

"(f) that all orders and injunctions necessary to a full exercise and enjoyment by each party to this suit of every right herein decreed to such party be made and entered herein.

"(c) that an order be forthwith made and entered herein requiring each defendant to appear before this court at a date therein to be specified and show cause  *  *  *

"(c) (2) why a restraining order should not be issued enjoining him from engaging in the practice of winter flooding his land. * * *"

The plaintiffs have consistently maintained:

" * * * it is the position of the plaintiffs, and has been throughout the litigation, that this is a private suit, a suit invoking the equity powers of this court, and is in no sense a suit under the statute."

The district court issued an order directed to the defendants, requiring them to appear before the court on a day certain, to show cause why the court should not assume control over the waters of Utah Lake and its tributaries, appoint a person for the purpose of supervising the diversion and distribution of said waters, and to carry out such orders and directions as might be issued by the court pending a formal determination, and, further, why the defendants should not be enjoined from engaging in the practice of winter-flooding land; why the water impounded by the defendants should not be held and diverted during the irrigation season in such manner as the court may later order, and for other relief.

No hearing was had on the day set, but thereafter the district court set a date of hearing on the order to show cause above referred to for September 14, 1939. Prior to that day the defendants filed a petition for a writ of prohibition. An alternative writ of prohibition issued from this court, in the following language:

"Now, therefore, it is ordered, that you, the above-named Defendants District Court and Allen G. Thurman, one of the judges thereof, and each of you, are hereby prohibited until further order of this court from further proceeding to hear and determine the order to show cause heretofore on June 17, 1936, issued by the Defendant District Court in that certain action filed in the Defendant District Court on May 28, 1936, wherein the corporate defendants herein are named as plaintiffs and the plaintiffs herein, among others, are defendants.

"It is further ordered, that you, the above-named Defendant Third District Court of Salt Lake County, Utah, and Allen G. Thurman, one of the judges thereof, and each of you, show cause, if any you have, before this court on or before the 20th day of July, 1939, why you, and each of you, should not be permanently prohibited from further

proceeding in said cause so filed on May 28, 1936, except in the manner provided by Chapter 4, Title 100, Revised Statutes of Utah, 1933, and the amendments thereof.

"Nothing in this writ shall prohibit said Defendant District Court, or any of the judges thereof, from making any interlocutory or other order in said cause not inconsistent with the procedure prescribed by Chapter 4, Title 100, Revised Statutes of Utah, 1933, and the amendments thereof."

On July 10, 1940, this court, by a majority opinion, ordered and directed that:

"Let [a] peremptory writ of prohibition issue in accordance with this opinion. Plaintiffs recover their costs. And, such is the order of this court." *Spanish Fork West Field Irrigation Company* v. *District Court*, 99 Utah 527, 104 P. 2d 353, 362.

Thereafter the defendants filed a petition for a rehearing. Briefs were filed in support of and in opposition to the granting of a rehearing, and on February 14, 1941, a "resume" was written and a rehearing denied. *Spanish Fork West Field Irrigation Company* v. *District Court*, 99 Utah 558, 110 P. 2d 344.

After the rehearing was denied, some of the defendants herein made a motion in the District Court requesting that such court make and enter an order directing that all proceedings thereafter taken in such case be had in conformity with Chapter 4, Title 100, R. S. U. 1933, and amendments thereto. These motions were all denied. The defendants then filed a petition in the District Court whereby they prayed that the State Engineer be directed to make a proposed determination of the water rights involved in the litigation, and that the hearing and determination of the cause proceed as provided for by Chapter 4, Title 100, R. S. U. 1933, as amended.

A hearing was had on these petitions for a general determination, after which the court denied the petitions, stating two reasons:

"By referring the matter to the State Engineer's Office the plaintiffs in this case would be deprived of the right to have a restraining

order issued, temporary restraining order during the pendency of the action.

"The other reason is that the court can only take the evidence as it is presented at this time, or at the other hearings, and cannot speculate on the future, and by that I mean that the State Engineer's Office does not at this time have sufficient funds to proceed."

The matter comes to this court in two-fold fashion: Upon a petition for a writ of certiorari whereby the defendants seek to have reviewed certain orders or judgments wherein the Honorable Bryan P. Leverich, one of the judges of the District Court, denied motions requesting that court to enter an order directing that all proceedings thereafter be had in conformity with Chapter 4, Title 100, R. S. U. 1933, and amendments thereto. Also by appeal from the judgment made and entered by the Honorable Bryan P. Leverich, wherein was denied a petition of various of the defendants, by which petitions it was sought to have the trial court call in the state engineer to make a proposed determination and to proceed to hear and determine said action in the manner provided by Chapter 4, Title 100, R. S. U. 1933, and the amendments thereto.

The original defendants became petitioners for the writ of certiorari, and were the appellants in the appeal from the order denying their petitions requesting the District Court to call in the state engineer. For convenience, they will be designated as defendants.

Salt Lake City et al., the original plaintiffs, were respondents in the petition for the writ of certiorari, and were respondents in the appeal. They will hereafter be referred to as plaintiffs.

The motions denied and the orders appealed from were entered at a time when the writ of prohibition heretofore referred to was in force and effect. One of the first arguments made by the defendants is that the District Court had no jurisdiction or power to hear and determine this cause, except in conformity with Chapter 4, Title 100,

R. S. U. 1933, as amended. The alternative writ of prohibition provided:

"why you and each of you should not be permanently prohibited from further proceeding in this case so filed except in the manner provided by Chapter 4, Title 100, R. S. U. 1933, and amendments thereof."

The District Court apparently relied upon counsel's statement that this was a private suit, together with the statements of Justice Pratt in his opinion written on the petition for rehearing. In that opinion, Justice Pratt said, at page 562 of 99 Utah, at page 346 of 110 P. 2d:

"The majority of the court are of the opinion that it is a 'private' suit, which the lower court may, if it finds a general adjudication advisable, conduct as a statutory general adjudication under and pursuant to section 100-4-18, R. S. U. 1933."

Justice Pratt also stated, in that opinion, on page 563 of 99 Utah, on page 346 of 110 P. 2d, that the statute did not authorize an individual (as this plaintiff here) "to initiate a statutory general adjudication—as indicated above— and the individual has no 'inherent' power to initiate such a suit."

Since the views expressed in the main opinion in the Spanish Fork case and those on the petition for a rehearing, the legislature, during the 1943 session, enacted Chapter 107, changing Section 100-4-3. That section formerly read, in part:

"Upon the filing of any action for the determination of water rights the clerk of the district court shall notify the state engineer that such has been filed."

Chapter 107, Sec. 100-4-3, now reads (italics ours) :

"Upon the filing of any action by the state engineer as provided in section 100-4-1, *or by any person or persons* claiming the right to the use of the waters of any river system, lake, underground water basin, or other natural source of supply, which involves a determination of the rights to the major part of the water of such source of supply or the rights of 10 or more of the claimants of such source of supply, the

clerk of the district court shall notify the state engineer that such suit has been filed. * * * "

It has been contended that this section is unconstitutional. We need not consider that contention, because, as will be later seen, we do not rest our conclusions upon this chapter.

The court is of the opinion that this case is clearly one which should be maintained only as a statutory proceeding, provided by Chapter 4, Title 100, and amendments thereto, because the scope and character of this water suit made it a suit for adjudication of a comprehensive river system. ■

This view was expressed by Mr. Justice Wolfe in the Spanish Fork case, at page 553, of 99 Utah, at page 364 of 104 P. 2d, when he said:

"Therefore, in this state there is an exclusive statutory method provided for the determination of relative rights in a river system which, while simulating equity procedure, was not encompassed within what was conceived to be the scope of equitable jurisprudence. And the fact that the proceeding was started not through the State Engineer but under the guise of an equity suit *does not seem to make it a non-statutory action. What is sought to be accomplished determines its nature."* (Italics ours.)

A similar position seems to have been taken by Mr. Justice Pratt, in his concurring opinion in the Spanish Fork case, where he said, at page 556 of 99 Utah, at page 365 of 104 P. 2d:

"I see no harm in an order to show cause as a means of enabling the trial court to determine whether or not he should order a general adjudication pursuant to statute; but if he is seeking to generally adjudicate the waters of a river system through equitable rather than statutory proceedings, as argued before us, then prohibition should issue."

The same view was again evidenced by this court in the Spanish Fork case when it denied the petition for a rehearing and thus left in force its writ which prohibited the District Court from proceeding except as a statutory adjudication.

Controversies may arise in which the District Court could exercise its discretion and determine whether to proceed as a private suit or under a statutory adjudicaton, but the scope and character of this water suit is such that the District Court abused its discretion in not granting the petition of various of the defendants who sought to have this case proceed as a statutory adjudication.

The plaintiff earnestly complains that there is no jurisdiction in the District Court to issue temporary restraining orders if this case proceeds as a statutory general adjudication, and that proceeding according to the statute deprives them of their right to equitable injunctive relief. They cite as authority for this position the language found in *Smith* v. *District Court,* 69 Utah 493, page 501, 256 P. 539, 542:

"It already appears from the outline given of the form and nature of the action provided by the statute that the sole purpose is to adjudicate and determine the rights of claimants to the waters to which the statute applies. After a most careful and thorough examination of the statute in question we have been unable to find any warrant for the court in such action to undertake to determine any question except rights to the use of the water involved and, perhaps, as a necessary corollary injunctive relief for the protection of such rights after they have been adjudicated and determined. No provision appears to have been made for cross-actions for any further or different relief than the determination of such rights. * * *

"Manifestly, such relief as this is not within the contemplation of the statute providing for a general adjudication of water rights."

A similar position seems to have been taken by this court in *Huntsville Irrigation Association et al.* v. *District Court,* 72 Utah 431, at page 439, 270 P. 1090, at page 1093:

"We are of the same opinion in this case as we were in that, that—
" 'No provision appears to have been made for cross-actions for any further or different relief than the determination of such rights.' "

This contention was made in the briefs filed by the plaintiffs in the Spanish Fork Case, supra, and discussed by Judge Trueman in the opinion in that case, beginning at

page 539, of 99 Utah, at page 358 of 104 P. 2d. Reference is made therein to Article VIII, Section 19, of the Constitution, which reads as follows:

"There shall be but one form of civil action, and law and equity may be administered in the same action."

Also, at page 542 of 99 Utah, at page 359 of 104 P. 2d, Judge Trueman said:

"The Constitution of this State gives the power to the courts to issue writs of injunction in our civil form of action and the legislature cannot take it away." On the same page: "The district courts in Utah have constitutional power to issue an injunction in our one civil form of action, but that prerogative is incidental and discretionary."

While there is no express provision in the statute granting the District Court equitable powers in this particular type of case, neither is there any provision depriving the court of any of the jurisdiction granted by Article VIII, Section 19 of the Constitution.

Article VIII, Section 7, of the Constitution, reads as follows:

"The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law; appellate jursdiction from all inferior courts and tribunals, and a supervisory control of the same. The District Courts or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition and other writs necessary to carry into effect their orders, judgments and decrees, and to give them a general control over inferior courts and tribunals within their respective jurisdictions."

This court, in the *Smith* v. *District Court* case, supra, had before it in an original proceeding a petition for a writ of prohibition directed to the District Court and judge thereof, prohibiting them from exercising jurisdiction to try a case pending in the District Court of Morgan County, because there was a general adjudication theretofore commenced in Weber County. The court had to determine whether the two cases were so nearly identical as to parties and relief sought

that the court with first jurisdiction could retain it to the exclusion of the other until the controversy was determined. In comparing the two actions, one for a statutory adjudication and the other for an equitable action for damages and injunctive relief, this court announced the paragraph concerning the statutory action which the plaintiff relies upon in support of the contention the District Court is without power to grant injunctive relief.

The ultimate conclusion reached in the *Smith* v. *District Court* case, supra, was that the cases were not identical to the extent that the pendency of one case was a bar to the other. See 72 Utah at page 438, 270 P. at page 1093.

In *Huntsville Irrigation Association* v. *District Court,* supra, this court expressed an opinion urged by the plaintiffs. The following language also appears in the Huntsville case, 72 Utah 431, at page 438, 270 P. 1090, at page 1093:

"It must be conceded that the thought in the mind of the court when using the language last quoted was that the statute (chapter 67) had provided a special proceeding which in proper cases might be resorted to by the trial courts as a substitute method of determining the rights to the use of water of every person, company, or corporation within the radius of the system involved. As stated in effect in the passage last quoted, the old system of trying such cases by piecemeal had proved ineffectual in many cases and was in the highest degree unsatisfactory. The intent of the Legislature and the purpose of the statute apparently was to remedy the evil then existing in determining the rights of parties in this class of cases. The statute provides no remedy for any relief except the determination of rights to the use of water and as a necessary corollary thereto such injunctive relief as may be necessary to protect and enforce such rights."

This language does not restrict the injunctive relief in its operation until after the controversy has been determined. In fact, the persons who later became the plaintiffs in the Huntsville Irrigation case had some time before in that case, known as *Plain City Irrigation Co.* v. *Hooper Irrigation Co.* (a statutory general adjudication proceeding, instituted proceedings for and obtained a preliminary injunction against the state engineer and water commissioner which tempo-

rarily restrained them from certain alleged wrongs. That restraining order was still in force at the time the same persons, as plaintiffs, brought the Huntsville Irrigation case seeking to restrain and prohibit the defendant District Court from hearing and determining the *Plain City Irrigation Co.* v. *Hooper Irrigation Co.* case. See 72 Utah 431, at page 433, 270 P. 1090, at page 1091.

We are of the opinion the District Court has the power and jurisdiction to issue temporary injunctive orders prior to judgment under the general statutory adjudication procedure. To the extent this view conflicts, if at all, with the views expressed in the Smith and Huntsville cases, those cases are hereby modified.

The plaintiffs claim the notice of appeal was defective, because of a reference in the notice to the Jordan River and its tributaries. Without attempting to determine whether streams flowing into Utah Lake are or are not tributaries of the Jordan River or whether the language used by the defendants in the notice of appeal was merely a misdescription, it is evident that the notice of appeal informed the plaintiffs of the judgment appealed from and so served the purpose required of it.

Defendants have come to this court by two methods—by certiorari, seeking review of orders denying motions for a statutory proceeding, and also by appeal from denial of their petitions seeking to have the state engineer make a proposed determination and for a hearing pursuant to the statutory procedure. Which, if either, of these methods is open to the defendants is the question next presented.

We have already concluded that the District Court abused its discretion in not granting the petition seeking the statutory proceeding, independent of the fact that a writ of prohibition was in force prescribing the statutory adjudication. That an abuse of discretion may be reviewed is established by the authorities. 27 C. J. S., Discretion, 6. 134; *People* v. *Gage,* 188 Mich. 635, 155 N. W. 464, 467; *Watt* v. *Stanfield,* 36 Idaho 366, 210 P. 998.

In *Rozzelle et al.* v. *Third District Court et al.*, 85 Utah 582, 39 P. 2d 1113, and *Attorney General of Utah* v. *Pomeroy*, 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726, the earlier construction of Sec. 9, Art. VIII, of the Utah Constitution, was modified and an appeal permitted where there was a final adjudication of legal rights of the parties, although not a final determination of all the rights of all the parties.

We are of the opinion that the order of the District Court denying the petition of the defendants to have the trial court call in the State Engineer and to proceed to hear said action as a statutory adjudication was a final adjudication of a legal right of the defendants to have this case proceed as a statutory adjudication. It was thus a final judgment, from which an appeal could be taken to this court.

The appeal being properly before this court, and involving the same questions as those raised by the writ of certiorari, it is not necessary to pass upon the question as to whether the defendants are properly here on the writ of certiorari.

The case is remanded to the District Court to proceed in the manner provided by Chapter 4, Title 100, R. S. U. 1933, and amendments thereto, as a statutory general adjudication. Defendants to have their costs.

WOLFE, C. J., and LARSON and WADE, JJ., concur.

McDONOUGH, J., being disqualified, did not participate herein.

MOFFAT, J., participated in the hearing but died before the publication of the opinion.