WATSON, State Engineer, v. DISTRICT COURT OF
FIRST JUDICIAL DIST. IN AND FOR CACHE
COUNTY et al.

No. 6817.   Decided October 31, 1945.   (163 P. 2d 322.)

See 50 C. J., Prohibition, sec. 13; 42 Am. Jur., 156.

*Grover A. Giles,* Atty. Gen., and *Edward W. Clyde,* of
Salt Lake City, for plaintiff.

*Thatcher & Young,* of Ogden, for defendants.

WADE, Justice.

This court issued an alternative writ of prohibition restraining the District Court from proceeding in the case of *Wellsville East Field Irrigation Co. et al.* v. *Lindsay Land & Livestock Co. et al.*, as a private suit and entering a final decree therein. It is now before us on an order to show cause why the writ should not be made permanent.

In the original trial of the *Wellsville East Field Irrigation Co. et al.* v. *Lindsay Land & Livestock Co. et al.*, which was commenced as a suit in equity to determine the water rights of the parties involved, the defendants therein interposed a plea in abatement on the ground that the suit called for a general adjudication of water rights. This plea was denied by the court and the trial proceeded as a private suit. At the termination of the trial, the court made what it called an interlocutory judgment and then ordered that the suit be converted into one for a general adjudication of all water rights in the Little Bear River System under the provisions of Sec. 100-4-3, R. S. U. 1933, as amended by Chap. 112, Session Laws of Utah 1939. An appeal was taken from the judgment entered, but the propriety of ordering a general adjudication was not considered by this court. See *Wellsville East Field Irrigation Co. et al.* v. *Lindsay Land & Livestock Co. et al.*, 104 Utah 448, 137 P. 2d 634.

It is our understanding that defendants do not object to the order of the court which converted their suit into one of general adjudication of the water rights in the Little Bear River System, but contend that the court can proceed to enter final judgment of the particular water rights involved in their action.

It is plaintiff's contention that since the court has exercised its discretion and converted defendants private suit into one of general adjudication under the provisions of Sec. 100-4-3, it cannot now proceed as if it were a private suit, but must proceed in conformance with the requirements of the statutes dealing with the

general adjudication of water rights on the system. With this contention we agree. But converting the suit from a private action to one for a general adjudication, the court indicated that in its opinion the character of the suit was such as called for a general adjudication. In *Smith* v. *District Court of Second Judicial District in and for Morgan County et al.*, 69 Utah 493, 256 P. 539, 541, we said:

"* * * One of the purposes of the [general adjudication] statute was to prevent piecemeal litigation in the determination of water rights and determine them all in one action. Such is the only effectual method of determining them in order to prevent a multiplicity of actions in which the same party is oftentimes compelled to try his rights over and over again until all persons claiming rights are made parties to the action."

If a court were allowed to enter final judgments of individual rights in a suit for general adjudication before the state engineer has made his survey, report, determinations and recommendations as provided for in the statute, the very purpose of the statute which we have shown is to avoid piecemeal litigation, would be circumvented. Of course, as a practical propostion the court may often be obliged to hold hearings as between individual claimants and enter interlocutory decrees, but no final judgment should be entered until all the rights of all the claimants can be adjudicated. See *Spanish Fork West Field Irrigation Co. et al.* v. *District Court of Salt Lake County et al.*, 99 Utah 558, 110 P. 2d 344, on page 564 of the Utah Report, on page 345 of the Pacific Reporter, where this court said in clarifying its opinion in the same case reported in 99 Utah 527, 104 P. 2d 353, that:

"The majority, if not all of us, agree that a statutory general adjudication of the water rights of any water system must proceed according to statute."

This was affirmed by this court in *Salt Lake City et al.* v. *Anderson et al.*, 106 Utah 350, 148 P. 2d 346, which case is the same case as *Spanish Fork West Field Irrigation Co.* v. *District Court of Salt Lake County,* supra.

The writ is therefore made permanent.

McDONOUGH and TURNER, JJ., concur.

WOLFE, Justice (concurring).

In the case of *Wellsville East Field Irrigation Co. et al.* v. *Lindsay Land & Livestock Co. et al.*, 104 Utah 448, 137 P. 2d 634, a motion to dismiss the appeal on the ground that the judgment was not final was denied. We took cognizance of the appeal on authority of *Attorney General* v. *Pomeroy*, 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726. To have done otherwise would have left in force an injunction prohibiting the taking of waters which the parties appellant had used for years. To permit such injunction to stand would have, if the lower court was wrong, irreparably injured the defendants because they would have been unable to use the water during the entire pendency of the general adjudication suit which might be for years. The difficulty arose from the court trying the suit as initially started as a private suit, and then after rendering what he called an interlocutory judgment, imposing an order that the suit be turned into a general adjudication. When the court enjoined defendants from using the water, it became imperative that they appeal and necessary for us to entertain the appeal to prevent what might have resulted in palpable injustice. I see no harm in the court proceeding presently with the matter remanded so long as it does not enter a final judgment. The matter should be left tentative to be included in a final decree in the general adjudication suit so that any matter in any segment of that suit which affects the instant matter may be adjusted before final decree. Certainly in a general suit for the adjudication of a river, the trial court will from time to time try issues respecting a certain segment of the suit. That is the way such suits are tried—largely in piecemeal. I see no objection to making tentative findings in regard to such matters. In certain cases where it cannot possibly affect other parties perhaps the judgment in the local suit could be made final,

especially with the acquiescence of the State Engineer. Otherwise it might result that actions among several water users which crystalize out of the general adjudication, in their nature actions to quiet title, could not definitely adjudicate title as to such users for a long period of time. This might deny such litigants the privilege of clearing their title to water as among themselves until a number of years had elapsed. It would thus virtually deny such litigants the efficacy of judicial action.

Local judgments rendered within the general adjudication suit may be appealed as was done in the case of *Plain City Irrigation Co.* v. *Hooper Irrigation Company et al.*, 87 Utah 545, 51 P. 2d 1069. In that case, this court had no difficulty with an appeal from a "local contest" in a general adjudication where notice of the hearing was only given to those apparently interested. The important thing is that if the findings in one part could possibly affect other parts or other parties to the general suit or be affected by later findings as respects other parties or segments of the suit, that the current findings be considered tentative. It is to make clear my position in this regard that I have thought it well to write what I have. My concurrence must therefore be in the light of what I have said above.

LARSON, Chief Justice (concurring).

I concur. I also agree with Mr. Justice WOLFE.