**In the matter of the general determination of the rights to the use of all the water, both surface and underground, within the drainage area of Utah Lake and Jordan River in Utah, Salt Lake, Davis, Summit, Wasatch, Sanpete, and Juab Counties in Utah.**

**Captola C. MURDOCK, Jane C. Hinckley, Russell N. Stansfield, Lyle D. Hatch, Melvin L. Whiting, David and Ruth M. Fuller, William C. and Paula O. Jones, and A. Bert and Julia A. Cherrington, Plaintiffs and Appellants,**

v.

**SPRINGVILLE MUNICIPAL CORPORATION, Defendant and Appellee.**

No. 920499.

Supreme Court of Utah.

March 24, 1994.

E.J. Skeen, Joel C. Momberger, Salt Lake City, for plaintiffs.

Dallin W. Jensen, Lee Kapaloski, Paul D. Veasy, Salt Lake City, for defendant.

Jan Graham, Atty. Gen., Michael M. Quealy, John H. Mabey, Jr., Asst. Attys. Gen., Salt Lake City, for Utah State Engineer.

HOWE, Justice:

Plaintiffs appeal from the district court's order dismissing their petition seeking a determination of their water rights as against defendant Springville Municipal Corporation.

Plaintiffs and Springville claim water rights in Spring Creek which were established prior to 1903. In or about 1918, Springville cut off most of the Spring Creek water and diverted it into its culinary water system. Springville agreed to furnish plaintiffs' predecessors water from Hobble Creek in exchange for water they had been using from Spring Creek. In 1936, Salt Lake City brought suit against approximately 2430 defendants to determine water rights in the streams and springs flowing into Utah Lake. In 1944, this court, in *Salt Lake City v. Anderson,* 106 Utah 350, 148 P.2d 346 (1944), converted the suit to a statutory suit of general adjudication pursuant to Utah Code Ann. §§ 100–4–1 through –20 (1943).[1]

On September 12, 1986, the state engineer issued his proposed determination of water rights in Utah Lake and Jordan River drainage area in the general adjudication suit. The proposed determination did not address claims of plaintiffs and Springville to Spring Creek and Hobble Creek. Because of that void, both plaintiffs and Springville filed objections to the proposed determination.

On April 24, 1992, the state engineer responded by issuing an addendum to his proposed determination of water rights, addressing plaintiffs' and Springville's claims to water rights in Spring Creek and Hobble Creek. On April 30, 1992, pursuant to section 73–4–24 of the Utah Code (hereinafter section –24), plaintiffs filed a petition for determination of the disputes between plaintiffs and Springville. In their petition, plaintiffs asserted that their claims to the use of water from Spring Creek had a priority of 1861 and that a dispute remained between plaintiffs and Springville regarding the validity, priority, nature, and extent of the parties' respective water rights. Plaintiffs sought an

---

**1.** The current statutory provisions for the general adjudication of water rights are at Utah Code Ann. §§ 73–4–1 through –24.

interlocutory decree determining plaintiffs' and Springville's respective water rights in both Spring Creek and Hobble Creek.

Springville responded by moving to dismiss the petition on the grounds that the state engineer had already addressed the issues raised in the addendum of his proposed determination and that plaintiffs' exclusive means of relief was to file an objection pursuant to sections 73–4–11 through –15 of the Utah Code. On July 23, 1992, plaintiffs filed their objections to the addendum of proposed determination. Subsequently, the district court granted Springville's motion to dismiss and ordered plaintiffs to proceed with adjudicating their objections to the state engineer's addendum. Plaintiffs appeal from the district court's dismissal.

 Resolution of the issues on this appeal requires interpretation of statutes, which presents a question of law. *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990); *Asay v. Watkins,* 751 P.2d 1135, 1136 (Utah 1988). We accord the district court's conclusions of law no particular deference but review them for correctness. *Ward,* 798 P.2d at 759; *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985).

 Before addressing the merits, it is necessary to address a preliminary matter. Springville argues that this court lacks jurisdiction over this appeal. Specifically, it asserts that the district court's dismissal of plaintiffs' section –24 petition is an interlocutory decree in the general adjudication and therefore not appealable. To support its assertion, Springville points to the portion of section –24 which provides that after a party has petitioned the district court for a determination of a water rights dispute, "the court may hear and determine the dispute and may enter an interlocutory decree to control the rights of the parties." § 73–4–24. Springville correctly states that there are two instances when an interlocutory decree is appealable: first, when the district court certifies the decree as a final order pursuant to Utah Rule of Civil Procedure 54(b), and second, when the appellant obtains permission of this court to appeal the interlocutory decree pursuant to Utah Rule of Appellate

Procedure 5. Because plaintiffs have not complied with either of these requirements, Springville urges this court to dismiss plaintiffs' appeal for lack of jurisdiction.

Springville's argument is misplaced. The very portion of section –24 on which Springville's contention is based supports our conclusion. That part of section –24 states that "the court *may hear and determine the dispute,*" after which the court "*may enter an interlocutory decree* to control the rights of the parties." § 73–4–24 (emphasis added). The district court did not hear the petition and as a result could not make a determination of the issues raised therein. It was therefore neither necessary nor possible for the district court to enter an interlocutory decree, which plaintiffs sought by their petition. The district court merely heard arguments in favor of and in opposition to Springville's motion to dismiss and subsequently dismissed the section –24 petition. Thus, the merits of plaintiffs' petition were never addressed, only whether the petition was proper. In short, we have jurisdiction over this appeal from the district court's grant of a motion to dismiss. *See, e.g., Lowe v. Sorenson Research Co., Inc.,* 779 P.2d 668 (Utah 1989); *Wilson v. Lambert,* 613 P.2d 765 (Utah 1980).

 We now turn to the merits of this appeal. Plaintiffs argue that the filing of the section –24 petition was appropriate for the determination of the water rights at issue because the legislature intended section –24 to provide a means for determining individual rights to water as against other individuals during the pendency of general adjudication suits.

Section –24 provides in pertinent part:

If, during the pendency of a general adjudication suit, there shall be a dispute involving the water rights of less than all of the parties to such suit, any interested party may petition the district court in which the general adjudication suit is pending to hear and determine said dispute.... Thereafter the court may hear and determine the dispute and may enter an interlocutory decree to control the rights of the parties, unless modified or

reversed on appeal, until the final decree in the general adjudication suit is entered. § 73–4–24.

The district court dismissed plaintiffs' petition, apparently on the grounds asserted in Springville's motion to dismiss, to wit, that the state engineer's addendum to the proposed determination had been issued before plaintiffs filed their section –24 petition and that plaintiffs' exclusive means of relief was to file an objection pursuant to the specific procedures set forth in sections 73–4–11 through –15.

When a proposed determination has been made, sections 73–4–11 through –15 provide a procedure for resolving disputed rights to the use of water. These sections provide that after full consideration, the state engineer shall prepare a proposed determination of water rights and a copy of the proposed determination shall be mailed or hand-delivered to each claimant for review. Within ninety days of service, any claimant dissatisfied with the proposed determination may file an objection with the district court. § 73–4–11; *see also Jensen v. Morgan,* 844 P.2d 287, 290 (Utah 1992). If any claimant files an objection, the court shall give fifteen days' notice to all claimants as to when and where the matter will be heard. § 73–4–13. The court then hears evidence and enters judgment on the contested claims, determining the claimants' rights to use of the water at issue. § 73–4–15; *see also Jensen,* 844 P.2d at 290. If no claimant protests, the court shall render judgment in accordance with the proposed determination. § 73–4–12.

While sections 73–4–11 through –15 provide the procedure for contesting water rights after issuance of the proposed determination, nothing in those sections or in section –24, explicitly or implicitly, precludes the court from hearing a section –24 petition at that point. We therefore conclude that the procedure set forth in sections 73–4–11 through –15 is not the exclusive means of relief after a proposed determination has been issued but that when a section –24 petition has been filed after the entry of the proposed determination, it is within the trial court's discretion whether to entertain the petition.

The trial court's discretion should be exercised with the objective of providing the plaintiffs with a reasonably prompt resolution of the issues raised in their section –24 petition. If the court can do so by holding a hearing on the objections made by the plaintiffs to the engineer's addendum, which raises identical issues, then the court would not abuse its discretion by holding that hearing and dismissing the section –24 petition. If, however, there will be an unreasonable delay in obtaining hearing on the objections (because they are part of the general adjudication suit), then the trial court should proceed to hear the section –24 petition.

Because the record before us does not disclose whether the trial court can with reasonable promptness hear the objections, we reverse the dismissal of plaintiffs' section –24 petition and remand this case to the trial court to make that determination and for further proceedings consistent with this opinion.

Finally, plaintiffs contend that the state engineer's addendum is not authorized by law and that Springville did not timely file its water user's claims Nos. 51–602–5 and 51–602–7. These contentions were not ruled on by the trial court and consequently are not before us for review in the proceeding. If plaintiffs have properly raised these issues in their section –24 petition and/or their objections to the addendum, they are before the trial court, and a determination will be made when further proceedings are had upon remand.

ZIMMERMAN, C.J., DURHAM, J., STEWART, Associate C.J., and RUSSON, Court of Appeals Judge, concur.

HALL, J., does not participate herein; RUSSON, J., sat prior to his appointment to this court.